No. 19,204.

DAVID FISTELL, DOING BUSINESS AS FISTELL'S ELECTRONICS
SUPPLY COMPANY *v.* CENTENNIAL TRUCK LINES,
INC, ET AL.
(359 P. [2d] 368)

Decided February 14, 1961.

Mr. SIDNEY H. TELLIS, for plaintiff in error.

Mr. RAY B. DANKS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE parties appear here in the same order as in the trial court. Plaintiff in error will be referred to as Fistell. Defendants in error will be collectively referred to as defendants and individually as "Centennial" and "Alpine."

In a trial to the court Fistell recovered a judgment

against Centennial in the sum of $300, less certain freight charges hereinafter mentioned. The trial court dismissed the action as to Alpine. Fistell seeks review by writ of error. No cross error is assigned.

Fistell, prior to February 10, 1958, purchased from Alpine a miscellaneous surplus stock of electronics parts and supplies for the agreed consideration of one thousand dollars. These parts and supplies were located in Colorado Springs. Fistell contemplated going to Colorado Springs to bring the merchandise to Denver. Later he requested Alpine to have the goods shipped to Denver, freight charges collect. Alpine delivered to Centennial, a public carrier, to be delivered to Fistell in Denver, 144 cartons containing the parts and supplies purchased and paid for by Fistell.

Centennial failed to deliver five of the cartons included in this shipment. Fistell then sued Alpine and Centennial to recover $1,880.78, the alleged value of the merchandise contained in the five cartons not delivered. It is admitted that Fistell had not seen or inspected the parts and supplies prior to his purchase, and that the quantity of each item purchased was "approximate." It was agreed that Alpine acquired these parts in 1956, or earlier, some two or more years prior to the purchase by Fistell.

There is ample evidence in the record demonstrating that prior to the sale to Fistell the market on materials such as those involved in the instant case "collapsed" and that several of the items not delivered, such as tubes and batteries, could reasonably have deteriorated.

It is plain that Alpine in shipping the goods via Centennial was acting as agent for Fistell — hence no liability was incurred by Alpine for the alleged loss. Fistell failed to pay the freight charges as he had agreed.

As to the liability of Centennial, suffice it to say that the bill of lading for this shipment was not introduced in evidence. Whether it contained provisions for a maximum liability for nondelivery is a matter of conjecture.

█ ·A careful review of the record discloses abundant reason why the trial court, being convinced that part of the shipment was not delivered by Centennial, had to find at least nominal damages against Centennial because "the values [of the goods not delivered] in the mind of the court is not determined." The record lacking competent evidence as to the value of the property not delivered, the award of $300, less the freight charges, was justified. As observed, no cross error is assigned by Centennial.

Perceiving no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.